## ILLINOIS CENT. R. CO. v. NELSON.

(Circuit Court of Appeals, Eighth Circuit. February 26, 1913.)

No. 3,843.

1. MASTER AND SERVANT (§ 296*)—OPERATION OF FEDERAL EMPLOYER'S LIABILITY ACT—RAILROADS.

Where a railroad brakeman, with knowledge that switching was being done on intervening tracks, after obtaining ice with which to cool hot boxes on his train, started to cross the tracks without looking or listening for moving cars, and was struck and injured by a car, defend-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ant was entitled to concrete instructions submitting plaintiff's contributory negligence to the jury, to the effect that one going on or near a railroad track was bound at his peril to make diligent use of his senses of sight and hearing in order to detect the approach of trains, and a disregard of such duty and a stepping on the track without looking or listening would be negligence, and if plaintiff had reason to believe that trains might be approaching, the fact that he was an employé did not release him from the necessity of exercising reasonable care under the circumstances for his own safety, and that he had no right to rely wholly on the railroad company to protect him from passing trains; a mere general definition of negligence being insufficient, and this notwithstanding contributory negligence, under the circumstances, would not bar recovery, but was only admissible under the Employer's Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65, as amended by Act April 5, 1910, c. 143, 36 Stat. 291 [U. S. Comp. St. Supp. 1911, p. 1324]), in mitigation of damages.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1180–1194; Dec. Dig. § 296.*]

2. COMMERCE (§ 27*)—INTERSTATE COMMERCE—EMPLOYER'S LIABILITY ACT— APPLICATION.

Where a brakeman at the time of his injury, while crossing certain tracks in a railroad yard, was approaching an interstate train, on which he was employed, with ice intended for use thereon, his right of action for injuries was governed solely by the federal Employer's Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65, as amended by Act April 5, 1910, c. 143, 36 Stat. 291 [U. S. Comp. St. Supp. 1911, p. 1324]), which superseded the state statute relating to the liability of employers for injuries to their servants.

[Ed. Note.—For other cases, see Commerce, Cent. Dig. § 25; Dec. Dig. § 27.*]

In Error to the District Court of the United States for the Northern District of Iowa; Henry T. Reed, Judge.

Action by William H. Nelson against the Illinois Central Railroad Company. Judgment for plaintiff, and defendant brings error. Reversed, and new trial granted.

F. H. Helsell, of Ft. Dodge, Iowa (Helsell & Helsell, of Ft. Dodge, Iowa, Grimm & Trewin, of Cedar Rapids, Iowa, and Blewett Lee and W. S. Horton, both of Chicago, Ill., on the brief), for plaintiff in error.

M. J. Wade, of Iowa City, Iowa (Wade, Dutcher & Davis, of Iowa City, Iowa, Ely & Bush, of Davenport, Iowa, and V. L. Belt, of Waterloo, Iowa, on the brief), for defendant in error.

Before SANBORN, Circuit Judge, and WM. H. MUNGER and TRIEBER, District Judges.

WM. H. MUNGER, District Judge. [1] The plaintiff (defendant in error) was in the employ of the defendant (plaintiff in error) as a brakeman. In the forenoon of January 1, 1911, he went to his train in the yards at Waterloo, Iowa, to assume his duties on that train. After reaching the train, which stood on track No. 4 in the yards, he discovered a couple of hot boxes, and went from there to the north to the icehouse of the company, to obtain a cake of ice, to be used in cooling the boxes and to take upon the train for a like purpose, in so doing crossing tracks 5, 6, 7, and 8. Returning from

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the icehouse with his ice, tracks 8 and 7 having standing cars on them, he threw his ice through under the cars and climbed over the drawbar; reaching track 6, there was an opening between cars of about 10 feet, through which he passed, and then turned eastward, without looking or listening for any moving cars, though he knew that switching was being done there. After proceeding between tracks 6 and 5 a distance of about 15 or 20 feet, he was struck by a car and received the injuries complained of. He alleges that, at or about the point where he was struck by the car, the defendant negligently permitted an accumulation of cinders, ice, and snow between said tracks several inches in height and about 10 feet in length; that he slipped upon this pile of cinders, covered with ice and snow, and, because of such slipping, was struck by the car in question. The train upon which he was employed the evidence clearly shows to have been engaged at the time in interstate commerce. He, being a brakeman upon said train, was an employé engaged in interstate commerce, and the act of Congress known as the "Employer's Liability Act" (Act April 22, 1908, c. 149, 35 Stat. 65, as amended by Act April 5, 1910, c. 143, 36 Stat. 291 [U. S. Comp. St. Supp. 1911, p. 1324]), governs and determines the rights of the parties. Plaintiff recovered a judgment, and defendant has brought the case to this court for review.

As before stated, plaintiff was aware of the movement of engines and cars in the yards. He crossed the several tracks, turned towards the east, did not stop or look or listen to ascertain whether any cars were approaching towards him, and proceeded to the eastward some 15 or 20 feet, when struck by the car in question, moving at the rate of about 4 miles per hour. After the close of all of the evidence, the defendant requested, among others, the following instructions:

"Instruction 12: Any one who goes upon or near a railroad track is bound, at his peril, to make diligent use of his senses of sight and hearing in order to detect the approach of trains; and if, in disregard of this duty to his own safety, he steps upon the track without looking or listening, he is guilty of negligence."

"Instruction 20: When the plaintiff came around the car across the track No. 6, if you find from the evidence that he turned directly in an easterly direction to go down to his train, and did not look or listen for any train or car that might be approaching within the distance in which he was at that time at any place between the track, such failure to look or listen would be negligence on his part."

"Instruction 39: A person approaching, or going upon or near, a railroad track upon which trains are in the habit of running, is bound by law to stop, and look, and listen for approaching trains, providing that he has any reason to believe that there may be such approaching; and the fact that he was an employé did not release him from the necessity of exercising reasonable care under the circumstances for his own safety. He had no right to rely wholly upon the railroad company for protection from passing trains or cars."

The court refused to give these instructions, to which ruling defendant duly excepted. The only instructions given by the court, respecting the contributory negligence of the plaintiff, was as follows:

"Bear in mind, now, the situation: The plaintiff seeks to recover of the defendant because of its negligence. The burden of proof, therefore, rests

upon him to establish the negligence of the company. The defendant, as one of its defenses, says that the plaintiff himself was guilty of negligence. The burden of proof, therefore, rests upon the company to show, by a fair preponderance of the credible evidence that the plaintiff was guilty of negligence; and unless it has done so, and unless you so find, of course, you must find that the plaintiff himself was not negligent in the way in which he did that work."

The court also defined negligence as follows:

"I may say to you in a general way that negligence consists in doing that which a person of ordinary prudence and care would not do under the circumstances of a particular or given situation, or in omitting to do something that such a person would do under those circumstances. Now you know, and everybody knows, that acts under certain circumstances—acts of a person under certain circumstances—might not be negligence under those particular circumstances which would be under other and different circumstances."

The law, as thus stated by the court, was clearly correct; but we think the defendant was entitled to a more concrete instruction as to plaintiff's contributory negligence, and under the evidence was entitled to the foregoing requested instructions. Davis v. Chicago, R. I. & P. Ry. Co., 159 Fed. 10, 88 C. C. A. 488, 6 L. R. A. (N. S.) 424; Chicago, R. I. & P. Ry. Co. v. Baldwin, 164 Fed. 826, 90 C. C. A. 630; Chicago, M. & St. P. Ry. Co. v. Bennett, 181 Fed. 799, 104 C. C. A. 309; Northern Pac. R. R. v. Freeman, 174 U. S. 379, 19 Sup. Ct. 763, 43 L. Ed. 1014. True it is that the plaintiff's contributory negligence was not a bar to the action; but it was the duty of the jury to consider such contributory negligence, if any, in fixing the measure of damages. The court instructed the jury in that respect as follows:

"Now, if you find that the plaintiff is entitled to recover, if he has shown by the requisite preponderance of the evidence that the defendant was negligent, and if you should find that the defendant has shown that the plaintiff himself was guilty of negligence, then what is your duty? You will first find the entire amount of damage that the plaintiff has sustained, irrespective of the negligence of the plaintiff—determine from the evidence before you the entire amount of his damages. Then, if you find that the plaintiff has been guilty of negligence, you will determine in what proportion his negligence contributed to produce that injury, and as you find that proportion, by the testimony, you will reduce the amount of his recovery accordingly."

Thus, while the court told the jury that, in determining the amount of damages, they should consider the negligence of the plaintiff, if proven, and diminish his damages in the proportion that the same contributed to the injury, the court failed to give a concrete definition of contributory negligence rendered applicable by the testimony.

Other errors are assigned, which it is unnecessary to pass upon at this time, as they probably will not arise upon another hearing.

[2] Some exceptions have been taken to the ruling of the court as to whether the before-mentioned act of Congress was applicable, or whether the case was governed by the state statute, relative to employer's liability. As we have said, the evidence clearly establishes that the train upon which plaintiff was to perform his work was, at the time, engaged in interstate commerce, and that plaintiff himself was en-

gaged in interstate commerce. Hence, the act of Congress supersedes the state statute, and was alone applicable.

For the refusal to give the foregoing requested instructions, the judgment is reversed, and a new trial granted.